1 | PAUL R. CORT, State Bar No. 184336
2 | IRENE V. GUTIERREZ, State Bar No. 252927
Earthjustice
50 California Street
3 | San Francisco, CA 94111
pcort@earthjustice.org
4 | igutierrez@earthjustice.org
Tel: 415-217-2000/Fax: 415-217-2040
5
Attorneys for Plaintiffs Sierra Club,
6 | American Lung Association,
Environmental Defense Fund,
7 | and Natural Resources Defense Council

8
9

**FILED**

JUN 18 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

**EDL**

| | |
|---|---|
| SIERRA CLUB, AMERICAN LUNG ASSOCIATION, ENVIROMENTAL DEFENSE FUND, and NATURAL RESOURCES DEFENSE COUNCIL | Case No: **13 2809** |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | (Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; BOB PERCIASEPE, in his official capacity as Acting Administrator of the United States Environmental Protection Agency, | |
| Defendants. | |

**INTRODUCTION**

1.  Ozone pollution, also referred to as smog, is responsible for a number of serious health impacts, from aggravating asthma and other breathing problems, to low birth weight in babies, to increasing the risk of premature death.

2.  The federal Clean Air Act directs the United States Environmental Protection Agency ("EPA") to establish national ambient air quality standards to protect public health and welfare by defining the maximum concentrations of certain pollutants allowed in our air.

COMPLAINT

3.     The Clean Air Act further mandates that EPA review and, as necessary, revise the national ambient air quality standards every five years.

4.     EPA and its scientific advisory committee have acknowledged that the current national ambient air quality standards for ozone, adopted in 2008, are inadequate to protect the public from the adverse effects of ozone pollution.

5.     Yet EPA has failed to even review, let alone revise, the 2008 standards according to the deadline required by the Clean Air Act.

6.     This is an action to compel the Administrator of the EPA to fulfill his non-discretionary duty to review and adopt overdue national ambient air quality standards for ozone pollution.

## JURISDICTION AND VENUE

7.     The instant action arises under the Clean Air Act ("Act"), 42 U.S.C. §§ 7401 *et seq*. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1331 and 1361. The relief requested by Plaintiffs is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 2201, 2202, and 1361.

8.     In accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R. Part 54, Plaintiffs notified the Administrator of the violations alleged herein, and of Plaintiffs' intent to initiate the present action. This notice was provided via certified and electronic mail posted on March 28, 2013 and addressed to the Acting Administrator. More than 60 days have passed since notice was served, and the violations complained of are continuing.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) since: (a) this district is one in which Defendant EPA resides and performs its official duties; (b) a substantial part of the events and omissions giving rise to this claim has occurred in this district because EPA's failure to review and revise the national standards for ozone adversely affects the health of district residents; and (c) Plaintiff Sierra Club resides in this district.

10.    Similarly, because Defendant EPA and Plaintiff Sierra Club both reside in San Francisco, assignment to the San Francisco Division or the Oakland Division of this Court is proper under Civil Local Rule 3-2(c) and (d).

COMPLAINT                                                                                      2

**PARTIES**

11.      Plaintiff Sierra Club, a corporation organized and existing under the laws of the State of California, is a national nonprofit organization whose mission is to protect the wild places of the earth, promote the responsible use of the earth's ecosystems and resources, and protect and restore the quality of the natural and human environment.  Sierra Club is headquartered in San Francisco, California.

12.      Plaintiff American Lung Association ("ALA"), a corporation organized and existing under the laws of the State of Maine, is a national nonprofit organization dedicated to the conquest of lung disease and the promotion of lung health.  ALA is headquartered in Washington, D.C.

13.      Plaintiff Environmental Defense Fund ("EDF"), a corporation organized and existing under the laws of the State of New York, is a national nonprofit organization whose mission is to preserve the natural systems on which all life depends and to find practical and lasting solutions to the most serious environmental problems.  EDF is headquartered in New York, New York.

14.      Plaintiff Natural Resources Defense Council ("NRDC"), a corporation organized and existing under the laws of the State of New York, is a national nonprofit organization whose purpose is to safeguard the Earth, and its people, flora, fauna and natural ecosystems.  NRDC is headquartered in New York, New York.

15.      Plaintiffs' members live, work, recreate and conduct other activities in areas where their health and welfare are adversely affected or threatened by ozone pollution.

16.      The acts and omissions of EPA complained of herein cause injury to Plaintiffs and their members by delaying review of the national ozone standards beyond the deadline set by the Clean Air Act.  This delay injures Plaintiffs' members by allowing air quality conditions that impair or threaten members' health and welfare to persist, and by nullifying or delaying measures mandated by the Act to protect members' health and welfare from ozone pollution.  The health, recreational, aesthetic, and environmental interests of Plaintiffs' members have been and continue to be adversely affected by the acts and omissions of EPA.

17.      The acts and omissions of EPA alleged herein further deprive Plaintiffs and their members of procedural rights and protections to which they would otherwise be entitled, including,

COMPLAINT                                                                                                       3

1  but not limited to, the right to comment on, and judicially challenge, EPA action retaining or

2  revising the national ambient air quality standards for ozone.

3      18.       For all the foregoing reasons, the failures complained of herein cause Plaintiffs and

4  their members injuries for which they have no adequate remedy at law.  Granting the requested relief

5  would redress these injuries.

6      19.       Defendant EPA is the federal agency charged with implementation of the Clean Air

7  Act, including the promulgation of national ambient air quality standards for ozone.

8      20.       Defendant Bob Perciasepe is the Acting Administrator of the United States

9  Environmental Protection Agency, and is responsible for implementation and enforcement of the

10  Clean Air Act.  Defendant Perciasepe is sued in his official capacity, and officially resides in

11  Washington, D.C.

## BACKGROUND AND FACTS

### Ozone Pollution

14      21.       Ozone, while necessary in the upper atmosphere to block ultraviolet radiation from

15  the sun, is a corrosive air pollutant that is harmful to humans and other living organisms.

16      22.       Ground-level ozone, commonly referred to as smog, forms when volatile organic

17  compounds ("VOC") react with nitrogen oxides ("NOx") in the presence of heat and sunlight.  VOC

18  and NOx emissions originate from a wide variety of sources including large industrial sources, cars,

19  trucks, and other fuel-burning activities.

20      23.       Exposure to ozone can cause a number of acute and chronic health effects.  Ozone

21  impairs lung function, aggravates asthma, and has been linked with increases in school absences,

22  emergency department visits, and hospital admissions.  Studies have shown that exposure to ozone

23  increases the risk of heart attacks and hospital admission for other cardiovascular conditions, and

24  increases the risk of low birth weight in babies.  Exposure to ozone has also been correlated with

25  increased risk of death for those suffering from cardiopulmonary conditions.

26      24.       Certain groups are especially vulnerable to ozone exposure, such as those with

27  existing lung diseases, children, the elderly, and outdoor workers and athletes.  These vulnerable

28

1    groups constitute a significant portion of the population, and consequently, the proper regulation of

2    ozone has significant implications for public health throughout the United States.

3        25.        Ozone pollution has also been tied to negative impacts on vegetation and ecosystems,

4    as well as rising temperatures.

5            **The Clean Air Act's Requirements for National Ambient Air Quality Standards**

6        26.        The Act establishes a comprehensive scheme "to protect and enhance the quality of

7    the Nation's air resources so as to promote the public health and welfare and the productive capacity

8    of its population." 42 U.S.C. § 7401(b)(1).

9        27.        As one of its central features, the Act requires the Administrator to set national

10   ambient air quality standards for certain air pollutants. 42 U.S.C. § 7409(a). Under the Act, the

11   Administrator must set "primary" standards for those pollutants at levels that will protect the public

12   health with an adequate margin of safety, *id.* § 7409(b)(1), and "secondary" standards at levels that

13   will "protect the public welfare from any known or anticipated adverse effects associated with the

14   presence of those pollutants in the ambient air." *Id.* § 7409(b)(2).

15       28.        The Clean Air Act imposes on EPA a non-discretionary duty to review national

16   ambient air quality standards every five years and "make such revisions in such criteria and

17   standards and promulgate such new standards as may be appropriate . . . ." 42 U.S.C. § 7409(d)(1).

18                      **EPA's Duty Under the Clean Air Act to Review the**

19                      **National Ambient Air Quality Standards for Ozone**

20       29.        EPA last promulgated national ambient air quality standards for ozone on March 12,

21   2008. *See* 73 Fed. Reg. 16436 (Mar. 27, 2008).

22       30.        Shortly after these regulations were promulgated, EPA's Clean Air Scientific

23   Advisory Committee sent EPA a letter stating its strong disagreement with EPA's primary and

24   secondary ozone standards, which it contended failed to provide an adequate margin of safety, and

25   were not supported by the best available science. *See* 75 Fed Reg. 2938, 2943 (Jan. 19, 2010).

26       31.        The 2008 ozone standards were also challenged in litigation brought by a range of

27   groups, including states, public health organizations, and environmental groups. 75 Fed. Reg. at

28

9444. This litigation was held in abeyance, so that EPA could initiate a rulemaking to reconsider the primary and secondary ozone standards. *Id.*

32.     In 2010, EPA proposed to revise national ozone standards to address the deficiencies identified by EPA's Scientific Advisory Committee, as well as to incorporate information from recent scientific studies. 75 Fed. Reg. at 2993. The EPA Administrator determined that the 2008 primary ozone standard of 0.075 parts per million ("ppm") was "not sufficient to provide protection with an adequate margin of safety." 75 Fed. Reg. at 2996. EPA proposed revising the 8-hour primary ozone standard to within a range of 0.060 to 0.070 ppm. *Id.* at 2998. EPA also proposed that the secondary ozone standard should be set separately from the primary standard, according to a "cumulative, seasonal standard." *Id.* at 2999.

33.     Despite the Administrator's conclusion that the 2008 ozone standards were inadequate to protect public health and welfare, in 2011, the President directed EPA to set aside the 2010 proposed rule, and withhold review of the 2008 standards until March 2013 – the five-year deadline for completing review of the national ambient air quality standards under 42 U.S.C. § 7409(d)(1).

34.     Pursuant to 42 U.S.C. § 7409(d)(1), EPA was required to review the 2008 ozone standards and adopt any final rulemaking revising those standards before March 28, 2013.

35.     To date, however, EPA has failed to complete review of the national ozone standards according to the statutory timetable, and has yet to issue even a new proposed rule.

### FIRST CLAIM FOR RELIEF

**Failure to Review the National Ambient Air Quality Standards for Ozone**

**By the Statutory Deadline**

36.     Plaintiffs hereby incorporate all previous paragraphs by reference.

37.     Defendants have failed to fulfill their duty under 42 U.S.C. § 7409(d)(1) to review the national ambient air quality standards for ozone, promulgated on March 12, 2008 and published in the Federal Register on March 27, 2008, within five years.

38.     Defendants' failure to timely review the ozone standards constitutes a failure to perform an act or duty that is not discretionary within the meaning of 42 U.S.C. § 7604(a)(2).

39.      Defendants' failure to perform this nondiscretionary duty is ongoing.  Plaintiffs are informed and believe that the omissions complained of herein will continue unless enjoined by order of this Court.

40.      Accordingly, Plaintiffs are entitled to an order from this Court compelling Defendants to complete the required review of the national ambient air quality standards for ozone.

**RELIEF REQUESTED**

41.      WHEREFORE, Plaintiffs pray that this Court:

(a)      Declare that Defendants' failure to act as complained of herein constitutes a failure to perform a nondiscretionary duty required by 42 U.S.C. § 7409(d)(1), and within the meaning of 42 U.S.C. § 7604(a)(2);

(b)      Preliminarily and permanently enjoin EPA and the Administrator from continuing to violate the above-described nondiscretionary duties;

(c)      Order Defendants to take final action completing the required review no later than September 30, 2014;

(d)      Award Plaintiffs their reasonable costs of litigation, including attorneys' fees, pursuant to 42 U.S.C. § 7604(d);

(e)      Retain jurisdiction over this action to ensure compliance with the Court's orders; and;

(f)      Grant such other relief as the Court deems just and proper.


DATED:  June 19, 2013                    Respectfully submitted,

                                         PAUL R. CORT, State Bar No. 184336
                                         IRENE V. GUTIERREZ, State Bar No. 252927
                                         Earthjustice
                                         50 California Street
                                         San Francisco, CA 94111
                                         pcort@earthjustice.org
                                         igutierrez@earthjustice.org
                                         Tel: 415-217-2000/Fax: 415-217-2040

                                         *Counsel for Plaintiffs*