UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SIERRA CLUB, AMERICAN LUNG ASSOCIATION, ENVIRONMENTAL DEFENSE FUND, AND NATURAL RESOURCES DEFENSE COUNCIL,**<br><br>Plaintiffs,<br><br>vs.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; GINA MCCARTHY,** in her official capacity as Administrator of the United States Environmental Protection Agency,<br><br>Defendants. | Case No.: 13-cv-2809-YGR<br><br>**ORDER DENYING MOTION OF NATIONAL ASSOCIATION OF MANUFACTURERS, *ET AL.*, TO INTERVENE** |

On June 19, 2013, Plaintiffs Sierra Club, American Lung Association, Environmental Defense Fund, and Natural Resources Defense Council ("Plaintiffs") brought the present action under the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604. Proposed Defendant-Intervenors, the National Association of Manufacturers and other industry groups (collectively, "Proposed Intervenors"),[1] seek to intervene in this matter, of right and permissively, under Federal

---

[1] Other proposed Defendant-Intervenors are American Forest & Paper Association, American Fuel and Petrochemical Manufacturers, American Iron and Steel Institute, American Petroleum Institute, American Wood Council, Automotive Aftermarket Industry Association, Brick Industry Association, Council of Industrial Boiler Owners, Independent Petroleum Association of America, National Mining Association, Treated Wood Council, and the Utility Air Regulatory Group.

1 Rule of Civil Procedure 24.  Plaintiffs have filed their opposition to the motion to intervene, as have
2 Defendants United States Environmental Protection Agency ("EPA") and Gina McCarthy,
3 Administrator of the EPA.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the Motion to Intervene.[2]  As explained below, Proposed Intervenors do not satisfy the requirements for intervention as of right under Rule 24(a), nor have they established that permissive intervention should be granted to allow under the circumstances herein.

**I.   BACKGROUND**

The Clean Air Act, 42 U.S.C. §§ 7401-7671q ("the Act"), is intended to "protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare." 42 U.S.C. § 7401(b)(1).  National Ambient Air Quality Standards ("NAAQS") are a central element of the Act.  Sections 108 and 109 of the Act require EPA to establish NAAQS for "criteria pollutants" that "cause or contribute to air pollution which may reasonably be anticipated to endanger public health or welfare." 42 U.S.C. § 7408(a)(1)(A).  EPA promulgates "primary" and "secondary" NAAQS to protect against a pollutant's "adverse" effects on public health and welfare. 42 U.S.C. § 7409(b).  The Act also requires that EPA review the criteria and each NAAQS at five-year intervals, and revise them as "appropriate in accordance with [sections 108 and 109(b)]." 42 U.S.C. § 7409(d)(1).

Pursuant to 42 U.S.C. §§ 7408-409, on March 27, 2008, EPA published a final rule setting the primary standard NAAQS for ozone.  *Final Rule*, 73 Fed. Reg. 16,436, 16,437-39 (Mar. 27, 2008).  Plaintiffs allege that EPA had a mandatory duty to complete its "review [of] the [NAAQS] for ozone" within five years, or by March 27, 2013, but to date has not complied.  (Complaint ¶ 37, Dkt. No. 1.)  Plaintiffs further allege that EPA's failure to review the NAAQS constitutes a failure to perform an act or duty that is not discretionary within the meaning of 42 U.S.C. § 7604(a)(2).  Plaintiffs seek declaratory and injunctive relief requiring EPA to take final action by completing the required review no later than September 30, 2014.

---

[2]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing set for **October 15, 2013**.

Proposed Intervenors represent a broad spectrum of industries directly affected by regulations promulgated by EPA under the Act, including the ozone NAAQS. Member companies of Proposed Intervenors are subject to regulatory controls under the ozone NAAQS, and a more stringent NAAQS would result in additional requirements on those industries. Proposed Intervenors have participated in past rulemakings concerning the ozone NAAQS and are actively participating in the ongoing review process. Proposed Intervenors argue that, because Plaintiffs' action would "prematurely force" EPA to a decision on a review of the ozone NAAQS, EPA could be denied the benefit of a full analysis of the latest scientific studies, and Proposed Intervenors' member companies could be impacted adversely. They argue that they have substantial economic and procedural interests in both the outcome of the ongoing review and in ensuring that they have adequate time to develop and present to EPA information concerning the ozone NAAQS.

## II. APPLICABLE STANDARD

Intervention is a procedure by which a nonparty can gain party status without the consent of the original parties. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009). There are two types of intervention: intervention as of right and permissive intervention. Intervention exists as a matter of right when a federal statute confers the right to intervene or the applicant has a legally protected interest that may be impaired by disposition of the pending action and that is not represented adequately by existing parties. FRCP 24(a). Permissive intervention may be allowed at a court's discretion when a federal statute confers a conditional right to intervene, or the applicant's claim or defense and the main action share a common question of law or fact. FRCP 24(b).

Proposed Intervenors seek to intervene, both as a matter of right and permissively under sub-sections (a) and (b) of Federal Rule of Civil Procedure 24. Plaintiffs oppose intervention under either standard. EPA opposes intervention as of right but expresses no opinion on permissive intervention.

//

//

### III. DISCUSSION

#### A. INTERVENTION AS OF RIGHT

Courts in the Ninth Circuit apply a four-part test to determine whether intervention should be granted as a matter of right: (1) the applicant must assert a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (2) the applicant's interest must be represented inadequately by the parties to the action; (3) disposition of the action without intervention may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's motion must be timely. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *Cabazon Band of Mission Indians v. Wilson,* 124 F.3d 1050, 1061 (9th Cir. 1997). Failure to satisfy any one of the requirements is fatal to the application, and a court need not reach the remaining elements if one of the elements is not satisfied. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

##### 1. Legally Protectable Interest

To determine whether an applicant has a "significantly protectable" interest necessary for intervention, the Court must consider: (i) whether the interest is protectable under some law; and (ii) whether there is a relationship between the legally protected interest and the claims at issue. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011). A would-be intervenor must demonstrate generally it "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). "Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir. 1995)); *see also United States v. Aerojet General Corp.*, 606 F.3d 1142, 1150 (9th Cir. 2010).

Here, Proposed Intervenors have no "significant protectable interest" at stake in this action. Plaintiffs' claims are to enforce the Clean Air Act's non-discretionary rulemaking deadlines. The content of EPA's standards is not at issue in this litigation, only its timely compliance with the review deadlines established in the Act. The remedy in this lawsuit is limited to an order setting a

deadline. Resolution of this litigation will not itself compel the adoption of any specific ozone air quality standards or additional regulatory requirements. It will simply compel compliance with the review process imposed by statute.

Proposed Intervenors argue that they have economic interests in how they operate their facilities and the costs of such operation which will be affected by any revision to the ozone NAAQS. First, an "economic stake in the outcome of the litigation, even if significant, is not enough" to justify intervention as a matter of right. *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). Further, while "concrete" economic interests "related to the underlying subject matter of an action" could give rise to a "protectable interest," they do not support intervention in matters where economic interests are speculative, and "several degrees removed" from the subject matter of an action. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004); *see also Montana v. EPA*, 137 F.3d 1135, 1142 (9th Cir. 1998)("speculative and purely economic interest does not create a protectable interest in litigation concerning a statute that regulates environmental, not economic interests"); *Our Children's Earth Found. v. U.S. E.P.A.*, C 05-05184 WHA, 2006 WL 1305223 at * 3 (N.D. Cal. May 11, 2006) (concluding that where the content of the regulations is not the subject of the lawsuit, "financial interests in the regulations' content . . . do not relate directly to the transactions that are the subject of this action").

Proposed Intervenors' "economic interests" do not rise above the speculative in relation to the issues in this litigation. The instant lawsuit does not seek an order adopting particular ozone air quality standards, but only one that EPA's review of the ozone air quality standards be completed by a fixed date. As in other similar actions where regulated entities attempted to intervene in litigation to compel EPA to comply with its statutory obligations, the economic interests expressed by the Proposed Intervenors here are too remote and contingent on other events to be the basis for intervention. *See American Lung Association v. Reilly*, 962 F.2d 258 (2d Cir. 1992) (trade groups seeking to intervene in suit to compel EPA review of ozone standards did not state a legally protectable interest); *ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318 (11th Cir. 1990) (electricity providers' interest too speculative to support intervention in suit to compel EPA rulemaking). Here,

whether EPA ultimately adopts a revised NAAQS that imposes new or costly requirements on Proposed Intervenors is several steps removed from the claims before the Court.

Proposed Defendant-Intervenors also argue that an order in this action would deprive them of procedural rights, namely their opportunity to meaningfully participate in the rulemaking process since a "premature" deadline would "frustrate the development of sound scientific support on the need for NAAQS revisions." (Motion at 12:19-22.) Proposed Intervenors contend that an order setting a rulemaking deadline would interfere with their ability to complete scientific studies that they hope to use to provide comments during the rulemaking process. The Clean Air Act provides for public participation in rulemakings relating to air quality standards, including "a reasonable period of public participation of at least 30 days" to comment on a proposed rule. 42 U.S.C. § 7607(h).

Proposed Intervenors do not identify, nor is the Court aware of any provision of the Act that would allow stakeholders to extend the time for a rulemaking process so that they might submit additional information and comments. *Cf. Med. Advocates For Healthy Air v. Johnson*, C 06-0093 SBA, 2006 WL 1530094 at \*4 (N.D. Cal. June 2, 2006) (finding that proposed intervenor did not have a "significantly protectable interest" to support its intervention in a Clean Air Act suit to compel EPA to comply with a statutory deadline because "the scope of this litigation is limited to the determination of an appropriate deadline" and resolution of matter would not "undermine" participation in "the administrative process"); *see also Our Children's Earth Found.*, 2006 WL 1305223, at \*3 (denying intervention and holding that there is "no protectable interest in delaying the review process" longer than the time prescribed by consent decree). While Proposed Intervenors have the right to participate in the public comment process, they have no protectable procedural right to extend a rulemaking process beyond statutory deadlines in order to allow more time for comment. As a practical matter, an order granting relief to Plaintiffs and committing EPA to a firm rulemaking timetable would not interfere with the normal procedures for notice-and-comment rulemaking, since the relief sought here would not change opportunities for notice and comment mandated by the Act and its regulations.

Failure to establish this factor is fatal to the motion to intervene, *Perry*, 587 F.3d at 950. However, the Court briefly examines other related factors.[3]

### 2. Adequate Representation by Existing Parties

Looking to the adequacy of representation factor, the Court considers three questions: (1) whether the interest of the present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)). "The 'most important factor' to determine whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of existing parties.'" *Perry,* 587 F.3d at 950–51 (quoting *Arakaki,* 324 F.3d at 1086 (internal citations omitted)). There is an assumption of adequacy when the government is acting on behalf of a constituency that it represents because it is presumed that the government adequately represents its citizens when the applicant shares the same interest. *See Arakaki*, 324 F.3d at 1086 (citing *United States v. City of Los Angeles* 288 F.3d 391, 401 (9th Cir. 2002)); *Gonzalez v. Arizona*, 485 F.3d 1041, 1052 (9th Cir. 2007).

Proposed Intervenors contend that they "have unique economic and procedural interests that are not likely to be advocated by EPA." (Motion at 17:3-5.) Again, this lawsuit concerns whether EPA has failed to perform a mandatory duty to review the ozone air quality standards, and whether the Court should order a rulemaking deadline. It is not addressed to the eventual rules that EPA would establish as a result of that process. As a result, Proposed Intervenors do not establish any nexus between the outcome of this action and any economic or procedural right they have, much less interests that would not be represented adequately by EPA with respect to the deadline for EPA's review, the only matter at issue here. The Court thus concludes that EPA will represent adequately any interests that Proposed Intervenors might have in setting a rulemaking schedule.

---

[3] Proposed Intervenors also argue, without opposition, that their motion to intervene is timely. The Court agrees.

### 3. Effect on Proposed Intervenors' Ability to Protect Their Interests

As to the third factor, Proposed Intervenors cannot show that "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest." *Donnelly*, 159 F.3d at 409. Again, as stated above, the outcome of this action will not interfere with Proposed Intervenors' interest because they have no legally protectable interests that would be affected by the outcome of this litigation. Proposed Intervenors fail to show that the disposition of this action will impair or impede their ability to protect their expressed economic and procedural interests, since any deadline will still have to accommodate the normal notice-and-comment rulemaking process, and they can continue to participate in that process as they have thus far.

Based on the foregoing, Proposed Intervenors' Motion to Intervene as a matter of right is **DENIED**.

### B. PERMISSIVE INTERVENTION

The Court considers three factors in determining whether to allow permissive intervention pursuant to Rule 24(b)(2): (1) applicant's claim or defense must share a common question of law or fact with the main action; (2) independent grounds for jurisdiction over the claim or defense; and (3) timeliness. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997); FRCP 24(b). Even where all the prerequisites are met, a district court has considerable discretion in ruling on the motion for permissive intervention. *In re Benny*, 791 F.2d 712, 721–22 (9th Cir. 1986). "In exercising its discretion the court shall consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FRCP 24(b).

The Court finds that permissive intervention is not warranted here. Proposed Intervenors argue that they "advance[ ] defenses that share common questions of law or fact with the main action." (Motion at 19:8-9.) Specifically, they argue that the "defenses" they wish to raise concern "the nature of EPA's duty to review and revise the NAAQS, the legal adequacy of the current ozone NAAQS, and the factual issues related to the appropriate timing of any remedy." (Opp'n at 19:19-21.) However, permissive intervention is "not intended to allow the creation of whole new lawsuits by the intervenors." *Donnelly*, 159 F.3d at 412 (intervenors' and plaintiffs' claims shared no common factual proof, and permissive intervention was not warranted); *S. Cal. Edison Co. v. Lynch*,

8

307 F.3d 794, 803-04 (9th Cir. 2002). The nature of EPA's duty to review and revise the NAAQS, and the adequacy of the current NAAQS, are not at issue in this litigation. Moreover, opening the door to these additional contentions would only serve to confuse the matters at issue in the complaint and to delay the proceedings unnecessarily. Consequently, the Motion to Intervene under Rule 24(b)'s permissive intervention provision is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, the Motion to Intervene is **DENIED**.

This Order terminates Dkt. No. 11.

**IT IS SO ORDERED.**

Dated: October 9, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**